JOHN J. HOMAN, RESPONDENT, v. C. B. GRIFFIN, APPELLANT.

Submitted March 18, 1920—Decided June 1, 1920.

A broker negotiating the sale of real property under written contract satisfying the statute of frauds (section 10) earns his compensation by producing a purchaser willing and able to purchase on terms fixed by the seller; but the ability of such purchaser cannot legally be proved by the broker's testimony of what the purchaser told him on that subject.

On appeal from the District Court.

Before Justices SWAYZE and PARKER.

For the appellant, *D. Trueman Stackhouse.*

For the respondent, *Howard L. Miller.*

The opinion of the court was delivered by

PARKER, J. This is a broker's suit for commission claimed to be due for procuring a purchaser of defendant's real

estate. There was an agreement in writing signed by the defendant, without date, and worded as follows: "I do hereby agree to sell my house and ground (describing it) for the sum of $3,200 and to pay to John J. Homan a commission of three per cent. on said amount in event of his effecting a sale of the property."

The trial court was justified in finding on the evidence that Homan procured a proposed purchaser (who was not produced at the trial) and secured from him a $50 Liberty bond; that this intending purchaser inspected the property in the presence of defendant's wife, but not in that of defendant, and that such intending purchaser arranged with a building and loan association for a mortgage of $2,000. At this point defendant wrote plaintiff, canceling the contract above set out, and stating that he had decided not to sell. No contract had been made with the proposed purchaser. In this posture of affairs it was for plaintiff to show, in order to recover the agreed commission, that he had produced a purchaser able and willing to buy on the terms fixed by the seller. *Hinds* v. *Henry*, 36 *N. J. L.* 328. As no purchase-money mortgage terms were stated in the paper relied on, it is plain that only a purchaser for cash would be acceptable. There was evidence of a purchaser willing to comply with these terms, and plaintiff undertook to show the other element, his ability, by testifying to it himself; but on cross-examination it developed that all that plaintiff knew about it was what the purchaser had himself told him. Motion was made to strike out this testimony as hearsay, but the motion was denied and the court finally awarded a judgment to the plaintiff.

We consider that it was error to refuse to strike out the testimony in question, as it was clearly hearsay and consequently incompetent; and this error necessarily vitiates the judgment; for if the testimony had been eliminated it would have left the case barren of anything to show the ability of the purchaser, or that plaintiff had accepted him as satisfactory in that regard. One of two things must appear: either that the purchaser was in fact able and willing to carry out the seller's terms, as in *Hinds* v. *Henry, supra,* or

that the seller waived the rule by himself accepting the purchaser as satisfactory. 9 *C. J.* 596; *Courter* v. *Lydecker,* 71 *N. J. L.* 511, 513; *Runyon* v. *Wilkinson,* 57 *Id.* 420; *Freeman* v. *Van Wagenen,* 90 *Id.* 358. It is clear in this case that the purchaser was not accepted; and it is equally clear that his ability was not shown by competent evidence.

The judgment must therefore be reversed.